# United States Court of Appeals for the Fifth Circuit

---

No. 21-30253
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
October 21, 2022

Lyle W. Cayce
Clerk

CHRISTOPHER STEVENSON,

*Plaintiff—Appellant*,

*versus*

KEVIN BENJAMIN,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:19-CV-637

---

Before JONES, HAYNES, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

On September 23, 2019, Christopher Stevenson, Louisiana prisoner # 509582, filed a pro se complaint under 42 U.S.C. § 1983 against Kevin Benjamin, a former assistant warden at the Louisiana State Penitentiary (LSP), and LSP Warden Darrell Vannoy.   The district court granted

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-30253

Vannoy's motion to dismiss for failure to state a claim. The district court subsequently granted Benjamin's motion for summary judgment, which argued that Stevenson's complaint was filed outside of the applicable prescriptive period.

Stevenson appeals the district court's grant of Benjamin's motion for summary judgment, arguing that, based on unspecified information yet to be discovered, his complaint was not time barred. He has abandoned any challenge to the district court's dismissal of his claim against Vannoy by failing to adequately brief the issue on appeal. *See Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 459 (5th Cir. 2022).

We review de novo a grant of summary judgment, "viewing all evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor." *Surratt v. McClarin*, 851 F.3d 389, 391-92 (5th Cir. 2017) (internal quotation marks and citation omitted). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Because there is no federal statute of limitations for § 1983 actions, the applicable limitations period and tolling provisions are borrowed from state statutes. *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). In Louisiana, the applicable prescriptive period is one year. *Id.* at 158; LA. CIV. CODE ANN. art. 3492. "The limitations period begins to run when the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Stringer v. Town of Jonesboro*, 986 F.3d 502, 510 (5th Cir. 2021) (internal quotation marks and citation omitted). Stevenson became aware of the injury on the date of the alleged attack: January 24, 2018.

No. 21-30253

Prescription is suspended upon the filing of a prisoner's grievance in the prison's internal Administrate Remedy Procedure "until the final agency decision is delivered." LA. REV. STAT. ANN. § 15:1172(E). "The period of suspension is not counted toward accrual of prescription. Prescription commences to run again upon the termination of the period of suspension." LA. CIV. CODE ANN. art. 3472.

Stevenson filed his administrative grievance on April 6, 2018, and his administrative grievance was exhausted on October 29, 2018. His prescriptive period was therefore suspended for 206 days, giving him until August 18, 2019, to file his complaint. Because Stevenson did not file his complaint until September 23, 2019, it was time barred.

Although Stevenson argues that he should have been allowed more time for discovery, information is only relevant, and therefore discoverable, when "it encompasses any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991) (internal quotation marks, brackets, and citation omitted). Stevenson, however, does not dispute any of the dates and fails to explain sufficiently what discovery would potentially reveal, so there is no genuine dispute of material facts. *See* FED. R. CIV. P. 56(a). Further, prescription is dispositive, and no discovery unrelated to the dates of prescription could reasonably lead to information that impacts the case. *See Wallace v. Kato*, 549 U.S. 384, 391-92 (2007); *Coughlin*, 946 F.2d at 1159.

Because there is no genuine factual dispute about Stevenson filing his complaint outside of the prescriptive period, the district court did not err by granting Benjamin's motion for summary judgment. *See* FED. R. CIV. P. 56(a).

The decision of the district court is AFFIRMED.